IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| WILLIAM JOSEPH HARRISON | § | |
| VS. | § | CIVIL ACTION NO. 5:13cv124 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Joseph Harrison, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition for writ of habeas corpus should be denied and dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.

Petitioner filed objections to the Magistrate Judge's Report and Recommendation and requests a hearing on his objections. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After thorough consideration of the pleadings, the Court concludes Petitioner's objections should be overruled.

Objections and Analysis

I.  *Ineffective Assistance of Counsel*

In his first objection, Petitioner contends he was denied effective assistance of counsel at trial because counsel failed to call potential alibi witnesses. Petitioner asserts that alibi witnesses were available, ready to testify, and would have changed the outcome of the case had they been called. Further, Petitioner alleges counsel lied in her affidavit submitted to the state habeas court.

"Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witnesses would have testified are largely speculative." *Lockhart v. McCotter* 782 F.2d 1275, 1282 (5th Cir. 1986). "Where the only evidence of a missing witness' testimony is from the defendant, this Court views claims of ineffective assistance with great caution." *Id.*

Petitioner did not provide the state court with affidavits (or similar evidence) from any of the potential favorable witnesses indicating they would have been available to testify and suggesting to what they would have testified. He presented his own unsworn affidavit in his second petition when attacking his family violence conviction, but he failed to present any affidavits from his potential alibi witnesses indicating they would have been available to testify and suggesting to what they would have testified.

Even accepting as true petitioner's claim that counsel lied in her affidavit to the state habeas court, without evidentiary support in the form of affidavits from the potential witnesses, the Court cannot conclude that the state court's determination was either contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2000)

(reversing district court where petitioner failed to provide affidavits from alleged eyewitness or indicate what testimony the eyewitness would give.); *see also Bruce v. Cockrell*, 74 F. App'x 326 (5th Cir. 2003) (rejecting *Strickland* claim because petitioner "did not submit any affidavits by the uncalled witnesses themselves, or offer any evidence that they would have been willing to testify at the punishment phase of the trial."). Further, given the overwhelming evidence of Petitioner's guilt, Petitioner has failed to show there is a reasonable probability the calling of his proposed witnesses would have changed the outcome of the case. Accordingly, Petitioner has failed to demonstrate prejudice with respect to his claim of counsel's alleged deficient performance. *See Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (holding that the "mere possibility of a different outcome" is not sufficient proof of prejudice to support a finding of ineffective assistance of counsel).

Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Here, for the reasons set forth above and in the Report, Petitioner has failed to satisfy his burden of proof concerning the claims. Petitioner has failed to show the state court's determination was either contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's objections are overruled and his claims are denied.

II.  *Classification of Offenses*

Next, Petitioner complains that the state appellate court's determination regarding the proper felony level of his offenses was erroneous. Petitioner claims both of his convictions should be listed on his official prison record as third degree felonies, and he should have been sentenced to no more than twenty (20) years' punishment on each conviction.

The Court interprets Petitioner's claim to contest as erroneous the state appellate court's modification of his judgment to reflect he was convicted of a third degree felony enhanced by two prior convictions instead of a first degree felony. The appellate court held that the trial court's *nunc pro tunc* judgment was void when entered because the trial court had lost jurisdiction.

While Petitioner raised a ground for review concerning this issue on direct appeal, he failed to raise it as a ground for review in this habeas proceeding. Further, even if the claim were determined to be properly before this Court, the Court finds the claim lacking in merit. Petitioner has failed to show the appellate court did not have authority to modify the judgment. Moreover, federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *West v. Johnson,* 92 F.3d 1385, 1404 (1996). In the course of reviewing state proceedings, a federal habeas court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman,* 503 F.3d 408, 414 (5th Cir. 2007); *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983). Petitioner has not shown how the appellate court's modification of his judgment violated a specific constitutional right or rendered his trial fundamentally unfair. Petitioner has not shown a basis for federal habeas corpus relief. Further, Petitioner has failed to show prejudice related to his claim.

To the extent Petitioner's objection is interpreted as a challenge to the trial court's failure to

provide a lesser-included offense jury instruction for the offense of assault family violence, Petitioner has failed to raise a meritorious claim upon which federal habeas relief may be granted. Further, Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's grounds for relief are denied. Further, having considered the Report of the Magistrate Judge and Petitioner's objections, the Court finds that a hearing on the objections is unnecessary.

III. *Certificate of Appealability*

Additionally, Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S.

849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 31st day of March, 2017.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE